We'll hear argument now in the case of United States v. Hicks. Mr. Beal. Yes, Judge. May I proceed? Yes. The case is called. Thank you. Please. Your Honor, I will be discussing two issues. The first is whether the jury had any real understanding of the requirements of RICO beyond the predicate acts. From examining the jury instructions and the closing arguments, I submit that the jury did not know that a defendant must be a person legally distinct from the enterprise. Mr. Beal, this sounds like an objection to the jury instructions, but the jury instructions were not objected to at trial. Indeed, the defense consented to the instructions that were given. How can you now on appeal say, well, they were bad instructions? Your Honor, my position on this is that the government and the court have an obligation to ensure that the jury has an adequate understanding of the law, even if the defense attorney is incompetent. And in this case, it was clear that the RICO, what was imparted to the jury about the meaning of RICO was inadequate. And I submit that that is essentially a constitutional violation. But look, Mr. Beal, you're not addressing my question. The defense consented to these jury instructions. That's waiver. And waiver means there is no error. How does one get around that? Well, I'm not raising ineffective assistance of counsel. You can't do that on direct appeal as a practical matter. So there and I don't I agree that the jury instructions were agreed to. I also contend that the jury was inadequately informed, not just based on the jury instructions, but also based on the closing arguments. I guess that's what I would say that the argument closing argument wasn't objected to either. That's that's true. So and of course, RICO is is hard to understand. At least one justice of the Supreme Court has concluded that it's so muddled that it's all just too vague for words. But that's not been the majority view. It seems to be your view, and I never blame anybody who agrees with Justice Scalia, but it hasn't carried the day. And RICO is particularly difficult to understand. A lot of defense lawyers don't understand it. And so that's why it's particularly important that the jury be given as much information as possible as to what the RICO requirements are. Mr. Beal, is there a particular jury instruction that you're challenging? Well, yes, it's a particular jury instruction. No, there are what I'm what I'm contending is there are aspects of RICO that were not brought to the jury's attention that they should have known. The you know, the distinction, the distinctiveness requirement and the distinction between the enterprise and the conspiracy. So you're not claiming that the instructions that were given were legally erroneous? That's correct. They were inadequate, but not wrong. So you thought you would have liked to have seen additional instructions that give further guidance on RICO, but you didn't propose any such and you I know it wasn't you, but the defense lawyer didn't propose any such instructions, correct? That's correct. And do the pattern and are there any pattern instructions on RICO that were not given? I don't believe so, but the concern I have is, for example, the the conspiracy instruction that was given reads a conspiracy is an agreement between two or more persons to commit a crime. And the enterprise instruction that was given is the term enterprise can include a course of conduct that may be illegal. What the distinction between those two is, is, is, is hard to fathom. And certainly the jury couldn't and wouldn't know the difference between the enterprise and the conspiracy. And that's my complaint, that the jury didn't know what the distinctions were between enterprise and the conspiracy. Why wouldn't the elements instruction address that? The elements instruction sets out that what they have to prove that the defendant knowingly conspired to conduct or participate in the affairs as described in count one and in enterprise through a pattern of racketeering activity. Why wouldn't. Why doesn't that address your concern? Because that doesn't provide language that is comprehensible to to to an ordinary human being. And it's combined with the fact that the government I was really quite struck when I read the closing argument that the government didn't go into any of this at all, that they strictly focused on the predicate X, which are, you know, pretty horrific events. And so they left the jury in the dark about what the technical requirements of RICO are. And so the jury was inadequately informed, in my view, of the of the meaning of RICO and therefore not in a position to apply the facts to the law. So that's my that's my central position. I don't think I actually I think there was possible prejudice in that if they had known about possible distinctions, they might have concluded, for example, at the two stash house cases at the end, which were the strongest government evidence that Mr. Hicks was merely present or merely associating. And there were there may have may not have been a part of the conspiracy or the enterprise if they understood them. But that basically is is my position on this. So I'd like to just very briefly address the theft of government property issue, which is the other issue. Before you move to that, just one more question, Mr. Beale, please. You're not challenging the sufficiency of the evidence. No, I'm not. And you're not challenged challenging the sufficiency of the indictment either. Correct. Correct. Thank you. Yes. My complaint about the the government theft of government money is that it's never been explained adequately, in my view, by a court of appeals as to why the defendant shouldn't know. The first case that came along was dealing with this statute was the Finley case in the 10th Circuit that said the defendant did have to know. Then the 9th Circuit comes along with Howie, who says the government that the defendant doesn't have to know. And but the only authority it cites is this Clark and Marshall treatise, which doesn't support the short version, doesn't support the contention. And then the 7th Circuit in Smith relies on Howie. So we're in an era of mens rea revival. And the the court of appeal. I mean, I'm pretty sure you think the justices are ready to overrule FIOLA because this just seems to me an application of FIOLA. FIOLA is about attacking government agents with physical force. And right. But the holding is that the defendant doesn't need to know the fact that tied the wrong to the federal government. The defendant only needs to know that he committed a wrong. So here the defendant needs to know that he stole money, that is money belonging to somebody other than him. But on the rationale of FIOLA, just who that someone else was wouldn't matter. That's why I ask if you think that modern cases call FIOLA into question. I think it's distinguishable for one thing, and second of all, with the revival of mens rea that's been going on, I think that this under the Torres versus Lynch approach could be both a substantive and a jurisdictional element. And I think this is a good I mean, the the the heading in the criminal code is public money. I mean, one would think the defendant should know it's public money that he's stealing in order to violate that statute. And is there anything in that argument would call for FIOLA to come out the other way? Same heading, you know, assault on public employees. That was indeed the holding of the Third Circuit, if I recall. And the justices rejected it nine to nothing. Well, as I said, I think, number one, it is right for reconsideration. And number two, it's just I think it's just there was a lot of focus on the the physical assault aspects of things. So there there is the distinction between a mere property crime and a kind of assaultive offense on federal agents. So for for both of those reasons, I I think at the very least, it should be reconsidered. And actually, what I'd like to see is what you just did is the cases don't explain it. They they they and I'm talking about the Court of Appeals cases. I've looked at several of them and they just. Yes, it is. Mr. Beal, we we have your position. Thank you, Mr. Fullerton. Good morning, may it please the court. The court should affirm the convictions of Eddie Hicks, the jury instructions were legally sufficient, they were adequate, they were clear. There was no objection to him, so any objections waived. I don't think that adding instructions would have added clarity. And in any event, no additional instructions were proposed by the defendant. The government discussed all of the elements of the offense, the offense is charged, and in particular, the RICO offense, the government did discuss all of the elements of of the of count one in its closing argument at pages six or two, six or three, at least of of the transcript. And there was no objection to them. If there had been some some argument by defense, by the defense, that the government had improperly elided or conflated the the conspiracy element and enterprise element through its proof at trial, of course, it could have made it the defense could have made an argument in closing on that issue, namely that the evidence was insufficient to establish the two there was no such argument. And in fact, the evidence supported all of the elements of the of the charge, the RICO charge, and of the other counts in the indictment as well. I know that the evidence is overwhelming that Hicks was conspiring with others to conduct the affairs of this crew of individuals. Two police officers and two others were not police officers to to to conduct the affairs of this crew through a pattern of robbery, extortion, drug dealing, and so on. It really was truly overwhelming. One, you know, I know Mr. Beal argues that the jury was confused, must have been confused. But one one good indication that the jury was not confused at all regarding the the instructions or the evidence was the fact that the jury returned its verdict within hours of the finish of all the closing arguments, that the parties began closing arguments at about quarter to 11 on on I think it was March 11th of 2019. And the jury returned his verdict of guilty on all counts at quarter to three that afternoon. There were no notes, there was no request for additional instructions, nothing like that that would indicate a jury that was struggling to understand the instructions or struggling to understand how the evidence applied to the to the instructions. So for all these reasons and for the reasons that we've laid out in the government's brief, we'd ask that you affirm the conviction and sentence of Eddie Hicks. Thank you. Thank you very much, counsel. Mr. Beal, we appreciate your willingness to accept the appointment in this case and your assistance to the court as well as your client. This case is taken under advisory.